STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CU 0973

STEFANIE NELSON BERNARD

VERSUS

MATTHEW SCOTT BERNARD

*CONSOLIDATED WITH*

NO. 2020 CU 0974

LINDA ALLEN

VERSUS

STEFANIE NELSON BERNARD AND MATTHEW SCOTT BERNARD

*Judgment Rendered:* **FEB 1 9 2021**

* * * * * * * *

Appealed from the
21st Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Case No. 126773 c/w 153163

The Honorable Jeffery T. Oglesbee, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Matthew Scott Bernard<br>Denham Springs, Louisiana | Defendant/Appellant<br>In Proper Person |
| Britney R. Duke<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellee<br>Linda Allen |

* * * * * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

Wolfe, J. concurs

**THERIOT, J.**

Matthew Scott Bernard appeals the Twenty-First Judicial District Court's August 8, 2019 judgment, which designated the custody schedule for his minor child. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The following facts are taken in part from a prior appeal, *Bernard v. Bernard*, 2018-1149 (La. App. 1 Cir. 2/12/19); 272 So.3d 561. Matthew Scott Bernard[1] and Stefanie Nelson Bernard were married on October 16, 2008 in Texas. The parties physically separated on August 29, 2009. One child, S.M.B., was born on October 7, 2009, while the parties were physically separated but still married. Stefanie filed a petition for divorce on December 30, 2009. A judgment of divorce was rendered and signed on December 10, 2012.

Stefanie was awarded sole custody of S.M.B. in a considered decree rendered on March 29, 2010. Although Matthew was awarded reasonable visitation, it is undisputed that he did not have a significant role in S.M.B.'s life until December 2015. This is due, at least in part, to Matthew's incarceration.[2] Since his release in December 2015, Matthew has maintained regular contact and visitation with S.M.B. This court previously noted that the record reveals that Matthew has turned his life around and has become a productive, law-abiding member of society. *Bernard*, 272 So.3d at 562-63.

S.M.B. has lived most of his life with his maternal grandmother, Linda Allen. For the majority of that time, S.M.B. lived in Linda's home with his mother, Stefanie. However, Stefanie became addicted to drugs after S.M.B. was born and, in March 2016, six-year-old S.M.B. found his mother unconscious on the

---

[1] Matthew identified himself as "Scott" in the briefs filed in connection with this appeal.

[2] Matthew served a three-and-a-half-year federal prison sentence for bank fraud and was released in December 2015. Matthew also served two prior prison sentences of unknown durations. According to witnesses, Matthew was convicted of first degree robbery at the age of 17, nearly 30 years ago. His second conviction was in 2000 for possession of a firearm by a convicted felon. *Bernard*, 272 So.3d at 563 n.1.

bathroom floor of Linda's home, with needles in close proximity. Linda testified that prior to this she was unaware that Stefanie was using drugs in her home. As a result of her drug use, Stefanie has not lived in Linda's home with S.M.B. since March 2016. Instead, Stefanie has been in and out of drug rehabilitation and/or sober living facilities. *Bernard*, 272 So.3d at 563.

Due to Stefanie's addiction, Matthew filed a petition to modify custody in September 2016, naming Stefanie as a defendant. In his first amending and supplemental petition to modify custody and rule for contempt, Matthew clarified that he was seeking sole custody of S.M.B. In response to Matthew's petition, Linda filed a petition for child custody against Stefanie and Matthew in which she sought sole custody of S.M.B. with Stefanie and Matthew to enjoy supervised visitation. The matters were consolidated for purposes of determining custody. *Bernard*, 272 So.3d at 563.

The initial custody trial took place in February 2017. After hearing testimony from Linda, Stefanie, Matthew, and witnesses on Matthew's behalf, the trial court entered an interim order granting sole custody to Linda Allen with reasonable custodial periods in favor of Matthew. Specifically, the trial court awarded visitation to Matthew on alternating weekends and on Wednesdays following his weekend visitation. Linda was ordered to keep Matthew and Stefanie informed of all medical and educational issues concerning S.M.B. and to include them as authorized persons to receive information from third parties concerning S.M.B.'s school and educational issues. The trial court acknowledged Matthew's significant transformation but expressed concern that removing S.M.B. from Linda's home, the only stable home he has ever known, was not in S.M.B.'s best interest. The trial court awarded custody on an interim basis to enable Matthew to accept more parental responsibility before custody was determined on a permanent basis. At the close of the February 2017 proceeding, the court stated

that it intended to reunite S.M.B. with his parents if they continued to make improvements. *Bernard*, 272 So.3d at 563.

The hearing to review custody and to establish a permanent custody plan took place on September 28, 2017. The trial court again heard testimony from Linda, Matthew, and witnesses on Matthew's behalf concerning S.M.B.'s welfare and his relationship with Matthew since the February 2017 interim order. At the conclusion of the hearing, the trial court awarded sole custody to Linda, with Matthew to enjoy liberal visitation on alternating weekends, Wednesdays, holidays, and during the first and third weeks of June and July. A detailed visitation schedule was set forth in the judgment. Stefanie was awarded visitation as mutually agreed upon by Stefanie and Linda. Linda was again ordered to keep Matthew and Stefanie informed of all medical and educational issues concerning S.M.B. and to include them as authorized persons to receive information from third parties concerning S.M.B.'s school and educational issues. A judgment to this effect was signed on November 6, 2017. *Bernard*, 272 So.2d at 564.

Matthew appealed the November 6, 2017 judgment, arguing that the trial court erred in awarding custody of S.M.B. to Linda because Linda had failed to prove that an award of custody to Matthew would result in substantial harm to the child. *Bernard*, 272 So.2d at 564. Following a review of the record, this court agreed with Matthew and found that the trial court had abused its discretion in entirely divesting Matthew of custodial rights to his child in favor of a non-parent. *Id.* at 566. This court found that the record supported the conclusion that awarding sole custody to Matthew and removing S.M.B. from Linda's home would cause substantial harm to the child, and found that an award of joint custody to Linda and Matthew would be in the best interest of the child. *Id.* at 566-67. Accordingly, this court awarded joint custody to Linda and Matthew, and appointed Linda as domiciliary custodian. This court further noted that Linda must confer with

4

Matthew when making all major decisions regarding S.M.B. This court then vacated the remainder of the November 6, 2017 judgment setting forth the visitation schedule and remanded the matter to the trial court to establish a joint custody visitation schedule. *Id.* at 567.

Following remand, the trial court issued a new judgment, which was signed on August 8, 2019. In the August 8, 2019 judgment, the trial court stated:

> While adhering to the remand of the Louisiana First Circuit and the applicable law regarding the best interest of the child, the court finds it is in the best interest of the minor child that the prior custodial schedule be adjusted such that Matthew Scott Bernard is awarded additional periods of custodial time with the minor child, while also maintaining a consistent and stable schedule which will service the best interest of the child in accordance with Louisiana Civil Code Article 134.

Accordingly, the trial court ordered that Linda and Matthew would have joint legal custody of S.M.B., with Linda being designated as the domiciliary custodian. The trial court further ordered that S.M.B. would primarily reside with Linda, and that Matthew would exercise periods of physical custody on the first, third, and fourth weekends of each month, commencing on the first, third, and fourth Friday after school, or 5:00 p.m. if not in school, and continuing until Sunday at 5:00 p.m. The trial court also implemented a right of first refusal regarding the care of the child if one of the parties was unavailable, established rules for telephone access and extracurricular activities, and set up a holiday schedule. This appeal by Matthew followed.

## ASSIGNMENT OF ERROR

Matthew asserts one assignment of error:

(1) The trial court erred by not awarding him 50/50 shared visitation of the minor child.

## STANDARD OF REVIEW

The best interest of the child is the guiding principle in all custody litigation. La. Civ. Code arts. 131 and 134. Keeping in mind that every child custody case

must be viewed in light of its own particular set of facts, the trial court is in the best position to ascertain the best interest of the child given each unique set of circumstances. In performing its function of deciding custody cases, the trial court is vested with vast discretion in matters of child custody and visitation because of its superior opportunity to observe the parties and the witnesses who testified at trial. Accordingly, on appellate review, the determination of the trial court regarding custody is entitled to great weight and should be overturned only when there is a clear abuse of discretion. *Smith v. Tierney*, 2004-2482 (La. App. 1 Cir. 2/16/05); 906 So.2d 586, 590-91.

## DISCUSSION

In his sole assignment of error, Matthew argues that the trial court should have awarded him with 50/50 shared visitation of S.M.B. Matthew asserts that he has presented overwhelming evidence that he is a loving, able-bodied parent who can provide a safe, loving, and wholesome living environment for his son, and there would be no disruption to his son's daily routine by an award of 50/50 shared visitation. Matthew further alleges that the trial court has continued to weigh in Linda's favor in large part due to its close personal relationship with Linda's attorney throughout this matter.[3]

Linda argues that Matthew has failed to allege how the trial court abused its discretion in reaching its decision regarding custody. She further argues that Louisiana law does not mandate that the trial court award equal physical custody when an award of joint custody has been made. Finally, she argues that the record

---

[3] Matthew has attached additional evidence in support of his argument regarding the trial court's relationship with Linda's former attorney, Sherman Mack, to his brief, but much of this purported evidence is not contained within the record. We cannot consider the documents attached to Matthew's appellate brief that are not contained within the record. See La. Code Civ. P. art. 2164; see also *Vanguard Vacuum Trucks, L.L.C. v. Mid-America Resources Corporation*, 2017-0434 (La. App. 1 Cir. 11/1/17); 233 So.3d 87, 89 ("Appellate review is limited to the record").

The record before us does contain Matthew's motion and order for recusal, as well as Linda's exceptions to that motion. A hearing on the motion to recuse and Linda's exceptions was held on November 12, 2019, before Judge William J. Burris. Judge Burris granted Linda's exception of no cause of action and dismissed the motion to recuse. However, that ruling is not before this court on appeal. See *Capital City Press, L.L.C. v. Louisiana State University System Bd. of Sup'rs*, 2013-2001 (La. App. 1 Cir. 12/30/14); 168 So.3d 727, 734 (appellate review is limited strictly to the record as it existed at the time the underlying judgment was rendered).

6

supports the trial court's decision and that there is no manifest error in the trial court's determination that maintaining a consistent and stable schedule is in the child's best interest, nor did the trial court abuse its discretion in determining the proper allocation of physical custody as set forth in the joint custody plan.

Regarding the joint custody schedule, the trial court's determination regarding child custody will not be disturbed absent a clear abuse of discretion. *Givens v. Givens*, 2010-0680 (La. App. 1 Cir. 12/22/10); 53 So.3d 720, 726. To the extent it is feasible and in the best interest of the child, physical custody of the children shall be shared equally. *Id.* at 728; La. R.S. 9:335. However, the law does not mandate equal sharing, and the trial court is imbued with much discretion in the determination of what constitutes physical custody or feasible, reasonable visitation. The paramount consideration is always the best interest of the child. *Chiasson v. Chiasson*, 2009-1554 (La. App. 1 Cir. 2/12/10); 2010 WL 528492, at *2 (unpublished opinion). Because of the trial court's mandate and great discretion for considering the best interest of the child, joint custody does not mean a fifty-fifty sharing of time on the strength of feasibility alone. *Stephens v. Stephens*, 2002-0402 (La. App. 1 Cir. 6/21/02); 822 So.2d 770, 777 (citing *Shaw v. Shaw*, 30,613 (La. App. 2 Cir. 6/24/98); 714 So.2d 906, 910).

Following a careful review of the record, we find that the trial court did not abuse its great discretion in instituting the current custody schedule. The record shows that S.M.B. has spent most of his life residing primarily with Linda. S.M.B. does well in school and makes straight A's. He appears to be well-adjusted and is accustomed to spending his weekdays primarily with Linda.

The trial court ordered that S.M.B. would primarily reside with Linda, with Matthew exercising physical custody three weekends per month. In this case, and as in most child custody cases, the trial court's determination as to what was in the best interest of S.M.B. was based heavily on factual findings. It is well settled that

an appellate court cannot set aside a trial court's findings of fact in the absence of manifest error or unless those findings are clearly wrong. <u>See</u> *Givens*, 53 So.3d at 728. This assignment of error lacks merit.

## DECREE

For the above and foregoing reasons, the Twenty-First Judicial District Court's August 8, 2019 judgment is affirmed. Costs of the appeal are assessed to Appellant, Matthew Scott Bernard.

**AFFIRMED.**